**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| BENJAMIN DAVID,<br>*Plaintiff,*<br>v.<br>AMERICAN STATES INSURANCE COMPANY,<br>*Defendant.* | CIVIL ACTION<br>NO. 26-7598 |

**Pappert, J.** **October 27, 2026**

**MEMORANDUM**

Benjamin David was insured under an auto insurance policy issued by American States Insurance Company. In April 2023, David was injured in a car accident and sought underinsured motorist coverage pursuant to the policy. American States denied the claim and David sued in state court alleging breach of contract, bad faith and a violation of Pennsylvania's Unfair Trade Practices and Consumer Protection Law. American States removed the case to federal court and filed a motion to dismiss the bad faith and unfair trade practices claims, along with the request for attorneys' fees and punitive damages under the breach of contract claim. The Court grants the motion.

I

David was insured by American States under a policy that provided $100,000 in underinsured motorist coverage. (Compl. ¶ 23, Dkt. No. 1-4.) On April 16, 2023, David was rear ended by Christopher Scerbo. (*Id.* ¶ 6.) David suffered multiple injuries as a result of the accident, including disc protrusion and herniation. (*Id.* ¶ 10.) Scerbo was

insured by Geico Insurance Company with liability limits of $25,000. (*Id.* ¶ 11.) On December 19, 2023, David settled with Scerbo for $22,000. (*Id.* ¶ 12.)

On July 9, 2024, American States denied David's UIM claim because "the value [of the claim] does not exceed the underlying $25,000 tortfeasor credit." (Compl. Ex. A, Dkt. No. 1-4 at 17.) The denial letter also stated that the treatment records showed "the L5-S1 disc protrusion and right L5 radiculopathy to be pre-existing prior to [the] auto accident." (*Id.*) On April 8, 2026, David filed a *praecipe* to file a writ of summons against American States in state court. (State Court Records at 2, Dkt. No. 6.) He filed his complaint on September 2, 2026, and served American States on September 11. (*Id.* at 3.)

II

To avoid dismissal under Federal Rule of Civil Procedure 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads facts from which the court can infer "that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Although this "plausibility standard is not akin to a 'probability requirement,'" it demands "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

Assessing plausibility under *Twombly* and *Iqbal* is a three-step process. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Step one is to "take note of the elements the plaintiff must plead to state a claim." *Id.* (alterations omitted) (quoting *Iqbal*, 556 U.S. at 675). Next, the court should identify allegations that,

"because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* (quoting *Iqbal*, 556 U.S. at 679). Finally, for all "well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* (alteration omitted) (quoting *Iqbal*, 556 U.S. at 679). If the well-pleaded facts do not nudge the "claims across the line from conceivable to plausible," the court must dismiss them. *Twombly*, 550 U.S. at 570.

III

American States argues David's bad faith claim is barred by the statute of limitations. (Mot. to Dismiss at 3, Dkt. No. 7-1.) Such a defense may be raised in a Rule 12(b)(6) motion "only if the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." *Robinson v. Johnson*, 313 F.3d 128, 134–35 (3d Cir. 2002) (quotations omitted). In evaluating the statute of limitations on a motion to dismiss, a court may take judicial notice of dockets or other court opinions. *In re Congoleum Corp.*, 426 F.3d 675, 679 (3d Cir. 2005). *See also Williams v. Wexford Health Sources Inc.*,199 F. Supp. 3d 917, 925 n.10 (E.D. Pa. 2016) (explaining at motion to dismiss courts can rely on extrinsic service documents without which plaintiff's claims cannot survive when the complaint is untimely "and becomes timely only with evidence that Plaintiff made good faith efforts to serve her original writ on Defendants").

A

Under Pennsylvania law, a bad faith action under § 8371 is subject to a two-year statute of limitations. *Ash v. Continental Ins. Co.*, 932 A.2d 877, 885 (Pa. 2007). The statute of limitations begins to run when the "insurance company first denie[s] the

insured's claim in bad faith." *CRS Auto Parts, Inc. v. National Grange Mut. Ins. Co.*, 645 F. Supp. 2d 354, 365 (E.D. Pa. 2009) (quoting *Adamski v. Allstate Ins. Co.*, 738 A.2d 1033, 1040 (Pa. Super. 1999)). An insured cannot assert a continuing refusal to provide coverage as separate acts of bad faith; it is only where "an insurer clearly and unequivocally puts an insured on notice that he or she will not be covered under a particular policy for a particular occurrence." *Id.*

David alleges that American States denied his claim on July 9, 2024, when it emailed him stating that "no UIM benefits were owed." (Compl. ¶ 15, Dkt. No. 1-4.) David agrees with American States that it "communicated its position that [his] damages did not exceed the tortfeasor's bodily-injury liability limits and that no UIM benefits would be paid" on July 9. (Pl.'s Resp. in Opp. at 6, Dkt. No. 8.) The two-year statute of limitations thus commenced on July 9, 2024, and expired on July 9, 2026. David filed his complaint on September 2, 2026. (Compl. at 2, Dkt. No. 1-4.)

B

David argues that filing a *praecipe* for a writ of summons on April 8, 2026, sufficed to commence an action and toll the statute of limitations. (Pl.'s Resp. in Opp. at 6–7, Dkt. No. 8.) Under the Pennsylvania Rules of Civil Procedure, a plaintiff may initiate an action by filing a *praecipe* for a writ of summons. Pa. R. Civ. P. 1007. If the defendant is outside the Commonwealth, service must be made within ninety days of the issuance of the writ. Pa. R. Civ. P. 404. If service is not properly made, a writ may be reissued "at any time and any number of times." Pa. R. Civ. P. 401(b)(2). If "an action is commenced by writ of summons and a complaint is thereafter filed, the plaintiff, instead of reissuing the writ, may treat the complaint as alternative original

process and as the equivalent for all purposes of a reissued writ." Pa. R. Civ. P. 401(b)(5).

Once an action is commenced by writ of summons "the statute of limitations is tolled only if the plaintiff then makes a good faith effort to effectuate service." *Englert v. Fazio Mech. Servs., Inc.*, 932 A.2d 122, 125 (Pa. Super. 2007). "[I]f a statute of limitations is tolled whenever a writ is simply filed, regardless of whether it is ever served, statutes of limitations would lose virtually all meaning." *Williams*, 199 F. Supp. 3d at 922. The plaintiff carries an evidentiary burden to demonstrate that he has made "a good-faith effort in diligently and timely serving process on a defendant." *Gussom v. Teagle*, 247 A.3d 1046, 1057 (Pa. 2021). "If a plaintiff presents credible evidence that [he] made this attempt at service, then [he] fulfills [his] requirement to prove good faith. If a plaintiff does not present such evidence, then [he] has failed to satisfy [his] evidentiary burden, regardless of whether [his] actions (or inaction) were intentional, unintentional, or otherwise." *Id.* What constitutes a good-faith effort to serve is to be determined on a case-by-case basis and is in the sound discretion of the trial court. *Englert*, 932 A.2d at 124.

David commenced the current action within the applicable time limits, when he filed his April 8, 2026, *praecipe* for writ of summons. (Dkt. No. 6 at 5–8.) However, he never served nor reissued the writ, and waited until after the statute of limitations expired to file his complaint. (*Id.* at 17.) Although the filing of the complaint may constitute "alternative original process and as the equivalent for all purposes of a reissued writ," the statute of limitations is not tolled unless David made "a good-faith

effort in diligently and timely serving process on" American States. Pa. R. Civ. P. 401(b)(5); *Gossum*, 247 A.3d at 1057.

David has the evidentiary burden to demonstrate that good-faith effort, yet he states only that "the service issue must be considered." (Pl.'s Resp. in Opp. at 7, Dkt. No. 8.) The underlying state court record shows that service was first attempted on July 31, 2026, after the original writ and statute of limitations had expired. (Dkt. No. 6 at 36.) On July 31, David attempted service by sending a copy of the summons via certified mail to 371 S. Schmale Road in Carol Stream, Illinois. (*Id.* at 36–39.) It was returned to David as "[n]ot [d]eliverable." The state court docket shows that David did nothing further until he filed his complaint on September 2, 2026. American States was not served with the complaint until September 11, 156 days after the writ of summons was issued and 64 days after the statute of limitations ran. (*Id.* at 43.) There is no evidence of any effort to serve or notify American States of the summons issued against it prior to that time.

David does not attempt to, and cannot meet, his evidentiary burden to show "a good-faith effort in diligently and timely serving process." *Gussom*, 247 A.3d at 1057. David filed his complaint after the two-year statute of limitations expired and his failure to make a good faith effort to effectuate service precluded the statute of limitations tolling. *See id.* (holding claim time barred when writ of summons filed April 26, 2018 was not properly served but a complaint was subsequently filed on August 22, 2018); *Williams*, 199 F. Supp. 3d at 926 (holding claim time barred when writ of summons was issued before the statute of limitations expired but complaint was not served until after the statute of limitations had run).

IV

In Count III, David alleges that American States violated the UTPCPL, which prohibits "unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." 73 Pa. Stat. Ann § 201-3; (Compl. at 10, Dkt. No. 1-4.) David relies apparently on the law's "catchall" provision, § 201-2(4), under which a plaintiff must show "(1) a deceptive act that is likely to deceive a consumer acting reasonably under similar circumstances; (2) justifiable reliance; and (3) that the plaintiff's justifiable reliance caused ascertainable loss." *Slapikas v. First Am. Title Ins. Co.*, 298 F.R.D. 285, 292 (W.D. Pa. 2014).

An insurer's "refusal to pay a claim which constitutes nonfeasance, the failure to perform a contractual duty, is not actionable" under the UTPCPL. *Horowitz v. Federal Kemper Life Assur. Co.*, 57 F.3d 300, 307 (3d Cir. 1995). "[N]umerous courts have dismissed UTPCPL actions which were premised on misconduct during the claims handling process." *Mondron v. State Farm Mut. Auto. Ins. Co.*, No. 16-412, 2016 WL 7384183, at *5 (W.D. Pa. Dec. 21, 2016) (collecting cases). The UTPCPL "applies to conduct surrounding the insurer's pre-formation conduct," while the bad-faith statute applies to "post-contract formation conduct." *Dunleavy v. Mid-Century Ins. Co.*, 460 F. Supp. 3d 602, 612 (W.D. Pa. 2020) (quotations omitted). "[C]onduct that amounts to claims handling does not become actionable under the UTPCPL merely because a complaint calls it a misrepresentation." *Laboy v. GEICO Secure Ins. Co.*, No. 26-889, 2026 WL 1893837, at *5 (E.D. Pa. June 30, 2016).

David requests, in the event of dismissal, leave to amend the UTPCPL claim. (Pl.'s Resp. in Opp. at 8.) Courts should freely grant leave to amend a complaint when

justice so requires. Fed. R. Civ. P. 15(a)(2). The rule expresses a preference for amendment unless "amendment would be futile." *Oran v. Stafford*, 226 F.3d 275, 291 (3d Cir. 2000). Amendment is futile when "the complaint, as amended, would fail to state a claim upon which relief could be granted." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). "An insured cannot bring an action under the UTPCPL based on the insurer's failure to pay a claim or investigate a claim." *Kelly v. Progressive Advanced Ins. Co.*, 159 F. Supp. 3d 562, 565 (E.D. Pa. 2016). David alleges a straightforward breach of contract action over American States' denial of his claim, allegations to which the UTPCPL does not apply, and any amendment would be futile.

V

American States also moves to dismiss the request for attorneys' fees and punitive damages attendant to David's breach of contract claim. (Mot. to Dismiss at 17, Dkt. No. 7-1.) "A demand for damages . . . may be stricken when the damages are not legally recoverable in the cause of action." *Dehart v. HomEq Servicing Corp.*, 679 F. App'x 184, 189 (3d Cir. 2017). Under Pennsylvania law, in a breach of contract claim, "there can be no recovery of attorneys' fees from an adverse party, absent an express statutory authorization, a clear agreement by the parties or some other established exception." *Merlino v. Delaware Cnty.*, 728 A.2d 949, 951 (Pa. 1999). David fails to identify any express statutory authorization or agreement by the parties that permits recovery of attorneys' fees for a breach of the policy, nor any other "established exception." Similarly, punitive damages are not a legally recoverable remedy for a breach of contract claim. *Nicholas v. Pa. State Univ.*, 227 F.3d 133, 147 (3d. Cir 2000).

An appropriate Order follows.

BY THE COURT:

***/s/ Gerald J. Pappert***

Gerald J. Pappert, J.